UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LANHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1179 HEA |
| | ) |
| SANDBERG TRUCKING, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. 40]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff filed this negligence action against Defendants Sandberg Trucking, Inc., (Sandberg), and the United States of America, regarding an accident which occurred on April 13, 2006, at the United State Post Office, located at 1720 Market Street in St. Louis, Missouri. Plaintiff and Defendant Sandberg were independent contractors of the United States Postal Service (USPS), hired to load, transport and unload mail for the USPS at designated locations. Lanham and Sandberg were responsible for the employment of their drivers and subsequently ensuring that every driver had sufficient ability to properly perform the required duties under the

contracts.

On April 13, 2006, Plaintiff and an employee of Sandberg were at the post office loading docks to perform their contractual duties of loading and/or unloading the mail into and/or from their trucks. Plaintiff alleges that Sandberg, through its agent, servant, and employee carelessly and negligently operated the wrong lift gate, *i.e.*, Plaintiff's lift gate rather than the employee's lift gate, causing and permitting Plaintiff to be lifted up, fall and find himself under cargo, causing serious and permanent injuries.

Plaintiff has brought this action against Sandberg and the United States for alleged negligence. The United States now moves to dismiss for lack of subject matter jurisdiction.

## **Standard of Review**

"[J]urisdiction is a threshold question, [and] judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United*

*States*, 534 F.3d 958, 962 (8th Cir. 2008) (quotation and citation omitted). Thus, when ruling on a Rule 12(b)(1) motion, the Court may consider materials outside the pleaded allegations of the complaint. *Osborn*, 918 F.2d at 730. Moreover,

> the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." *Id.* at 729.

**Discussion**

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity. *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006). The court may hear the case, however, if the plaintiff shows that the government has unequivocally waived that immunity. *Id.* The scope of waivers of sovereign immunity must be strictly construed. *LaFromboise v. Leavitt*, 439 F.3d 792, 795 (8th Cir. 2006), citing *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Federal Tort Claims Act (FTCA) waives sovereign immunity for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The Act defines Government employees to include "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity," but excludes independent contractors. 28 U.S.C. § 2671.

The FTCA allows an action to proceed against the United States for "personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2671. Thus, Congress has expressly limited the United States' waiver of immunity under the FTCA to liability for the acts and omissions of its employees, not independent contractors. See *United States v. Orleans*, 425 U.S. at 813-14; *Rutten v. United States*, 299 F.3d 993 (8th Cir. 2002). The FTCA defines an employee of the government as including "persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671.

In the instant case, the United States argues and Plaintiff concedes that

Sandberg and/or its employees, as well as Plaintiff, were independent contractors of the United States. Thus, the United States cannot be sued based on the actions of Sandberg's employee. Plaintiff, however, brings the action under the provisions of the FTCA against the United States for actions taken by its postal employees. Specifically, Plaintiff urges that the United States retained control over the use, operation and safety procedures and policies on the docks at the Post Office and the use of USPS equipment, including the dock lifts and lift controls. Plaintiff contends that the United States trains the independent contractors and each new driver on the operation of USPS equipment, safety issues and the operation of the dock lifts.

Congress has, however, narrowly crafted limited exceptions to the FTCA, to which Courts must give "due regard." *United States v. Orleans*, 425 U.S. 807, 814 (1976). Thus, the United States is, nevertheless, immune if an exception applies. Under 28 U.S.C. § 2680(a), the FTCA does not waive immunity for "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

A two-part test determines when the discretionary function exception applies. *C.R.S. by D.B.S. v. United States*, 11 F.3d 791, 795 (8th Cir.1993), citing *Berkovitz*

*v. United States*, 486 U.S. 531, 536 (1988). First, the conduct at issue must be discretionary, involving "an element of judgment or choice." *Berkovitz*, 486 U.S. at 536; see also *United States v. Gaubert*, 499 U.S. 315, 322, (1991) ("the exception covers only acts that are discretionary in nature"). The "second requirement is that the judgment at issue be of the kind that the discretionary function exception was designed to shield." *C.R.S.*, 11 F.3d at 796, quoting *Berkovitz,* 486 U.S. at 53. "Because the exception's purpose is to prevent judicial second-guessing of government decisions based on public policy considerations, it protects only those judgments grounded in social, economic, and political policy." *Id*. at 796, quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984); *Riley v. U.S.,* 486 F.3d 1030, 1032-1033 (8th Cir. 2007); *Appley Brothers v. United States*, 164 F.3d 1164, 1170 (8th Cir.1999).

Plaintiff appears to argue that the United States violated applicable safety regulations promulgated under OSHA. Unfortunately, Plaintiff has not sufficiently identified the regulations he relies on in making this argument. Indeed, Plaintiff has failed to articulate any specific regulation giving rise to an obligation on the part of the postal employees. "Where no statue or regulation controls the government's monitoring of a contractor's work, the extent of monitoring required or actually accomplished is necessarily a question of judgment, or discretion for the

government." *Kirchmann v. U.S.*, 8 F.3d 1273, 1276 (8th Cir. 1993).

The discretionary function exception protects the USPS from liability in this case. While the USPS employees may, in the first instance, instruct the independent contractors on how to work the equipment necessary to perform their tasks of loading the mail on to the trucks, the contractors are specifically required to properly perform the duties under the contracts. Furthermore, although Plaintiff urges that the USPS employees are in charge of safety, the record establishes that "everyone" is responsible for the safety in the subject area. Once the contractors are instructed on how to use the equipment and where they are allowed or not allowed to stand while sorting the mail, no USPS employee is responsible for overseeing actions of the contractors, having delegated that function to the contractors in requiring the contractors' employees to properly perform the duties under the contracts, to wit, safely loading the mail. As such, the discretionary function exception to the FTCA applies. Thus, the US's sovereign immunity remains in tact and it is therefore immune from this suit.

## **Conclusion**

Based upon the foregoing, Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction is well taken. The discretionary function exception to the FTCA applies to the events giving rise to this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. 40], is **GRANTED**.

Dated this 20th day of April, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE