UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LANHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1179 HEA |
| ) | |
| SANDBERG TRUCKING, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike and/or Exclude the Testimony of Expert Witnesses Designated by Plaintiff and Witnesses Disclosed by Plaintiff's Supplemental Initial Disclosure Pursuant to Federal Rule of Civil Procedure 26, [Doc. No. 76], Plaintiff's Motion for Protective Order, [Doc. No. 106], and Defendant's Motion to Strike or for Sanctions, [Doc. No. 108].

## Motion to Strike

Defendant specifically seeks to exclude the testimony of Dr. George Paletta and Dr. Matthew Gornet.[1] Defendant argues that because Plaintiff did not supply

---

[1] Defendant originally sought to also exclude Dr. Steven Granberg. Plaintiff has advised Defendant that he will not present Dr. Granberg's testimony. Thus, the motion as to Dr. Granberg is denied as moot.

Rule 26 reports from these doctors, their testimony should not be allowed at trial.

Plaintiff, in response argues that Rule 26 expert reports from these doctors are not necessary because they were not "specifically employed" nor "retained" to offer expert opinions.

The expert disclosure requirements are set forth in Federal Rule of Civil Procedure 26(a)(2), which the Court will reiterate:

(2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(I) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (I) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

(D) Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

Fed.R.Civ.P. 26(a)(2).

Under Rule 26(a)(2)(B), however, only those witnesses "retained or specially employed to provide expert testimony" must submit an expert report. *Musser v. Gentiva Health Services*, 356 F.3d 751, 756-757 (7th Cir. 2004). "The commentary to Rule 26 supports this textual distinction between retained experts and witnesses providing expert testimony because of their involvement in the facts of the case: a 'treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.' " *Id.* at 757 (citing Fed.R.Civ.P. 26, 1993 amendments, subdivision (a), paragraph (2)).

The Court notes that Defendant has in its possession Plaintiff's treatment records and testing results with respect to Plaintiff. Further, Defendant has already conducted depositions of the doctors. It appears that Defendant has retained a consulting expert to review Plaintiff's medical records. Drs. Paletta and Gornet shall be allowed to testify at trial as to the "nature and extent of the injury [they] observed and diagnosed, the treatment [they] rendered for that injury, the prognosis, and future care." See *Aberle v. Polaris Industries, Inc., No. CIV.* 06-5057-KES, 2009 WL 1080648 at *2 (D.S.D. April 22, 2009) (setting the scope of testimony of plaintiff's treating psychologist who had been identified as an expert witness but had not provided an expert report); see also *Owen v. United States*, No. CIV. 07-4014-KES, 2008 WL 5122282 at *3 (D.S.D. Dec. 5, 2008) (court held that treating physician who had been identified as an expert witness but had not prepared an expert report could testify as to "that which is related to and learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment.' ") (citing *Navrude v. United States (USPS)*, No. C.01-4039-PAZ, 2003 WL 356091 at *7 (N.D .Iowa, Feb. 11, 2003) (internal citation and quotation omitted)); see also *Doyle v. Graske*, No. 7:05CV21, 2008 WL 824275 at * 1 (D .Neb. March 20, 2008) (finding that treating physician was not required to provide an expert report when giving expert

testimony "upon matters encompassed in the ordinary care of a patient, including the cause of a medical condition, diagnosis, prognosis and extent of disability.")

The general premise is that treating physicians are not required to provide expert reports even if providing expert testimony. See Fed.R.Civ.P. 26 advisory committee's notes to the 1993 amendments. The district court in *Navrude* provided a thorough and reasoned discussion of when treating physicians, who are identified as expert witnesses, are required to provide expert reports. See *Navrude*, 2003 WL 356091 at *7.

The starting point for determining whether a treating physician is subject to Rule 26(a)(2)(B) disclosures is the first sentence of the Rule itself, which requires the detailed, written disclosures "with respect to a witness who is retained or specially employed to provide expert testimony." Courts draw a distinction between "hired guns" who examine a patient or a patient's records for purposes of litigation, and treating physicians whose opinion testimony "is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." A treating physician's opinions regarding causation, degree of permanent disability, and need for future medical care "are a necessary part of the treatment of the patient."

A key factor in determining whether a treating physician is subject to Rule 26(a)(2)(B) disclosures is "the scope of the proposed testimony." To the extent a treating physician "limits his or her testimony to the patient's care and treatment, the physician is not 'specially retained' despite the fact that the witness may offer opinion testimony under Fed.R.Evid. 702, 703, and 705." Thus, "a treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment." The trial court has the discretion to limit or prohibit a treating physician's opinion testimony that goes beyond information obtained during the physician's care and treatment of the patient, or if the court determines the physician was retained specifically to develop opinion testimony. For example, if a treating physician asks to review medical records from another health care provider for the purpose of rendering opinion testimony, then the physician may be considered "specially retained," and therefore subject to the requirements of Rule 26(a)(2)(B), despite having also treated the patient. Similarly, if an attorney selects the physician who provides treatment for the patient, "it is presumed that the physician was selected for expert testimony." However, merely because a treating physician is paid for his or her time to testify does not make the physician a retained expert subject to Rule 26(a)(2)(B) disclosures. *Id*. (internal

citations omitted); see also Aberle, 2009 WL 1080648 at *2 (the fact that an attorney suggested that his client see a particular treating health care provider did not convert the provider into a retained expert); *Garcia v. City of Springfield Police Department*, 230 F.R.D. 247, 248-49 (D.Mass.2005) (reviewing case law from other circuits and finding that "[t]he common rule ... is that so long as the expert care-provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert report is not necessary").

Moreover, Defendant's argument that this Court has conclusively held that treating physicians rendering opinions regarding causation and prognosis must provide reports is inaccurate. "Under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, 'a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.' The undersigned agrees with Plaintiff that a treating physician's disclosure does not require a written report under Rule 26(a)(2)(B). In *Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78 (D.N.H.1998), the court held that "[w]hile all experts must be disclosed under Rule 26(a)(2)(A), only 'retained' experts must provide Rule 26(a)(2)(B) reports." *Id.* at 81. There is no question that

Plaintiff's treating physicians are not retained experts." *Willis v. National Linen and Uniform Service,* 2007 WL 1530121, 1 (E.D.Mo.,2007).

Plaintiff disclosed the doctors as experts. He has complied with Rule 26's requirements. At this point in the litigation, Plaintiff was not required to prepare written reports to be given to Defendant. Of course, if these doctors' testimony goes beyond the realm of treatment, as discussed herein, Defendant may move the Court at that time for further consideration of the issue.

## Motion for Protective Order

Plaintiff seeks a protective order from the Court directing that the deposition of the Custodian of Records for Drs. Paletta and Gornet[2] shall not be taken. The Motion is well taken. Defendant is seeking the doctors' records because they did not provide the written reports. As discussed *infra*, these treating physicians are not required to provide written reports, and therefore the motivating factor for seeking their records is moot. Moreover, the Court is compelled to point out that Defendant has known of these treating physicians for a considerable length of time, but has only recently attempted to obtain their records and to exclude them. The Court is at a loss as to why Defendant did not seek to exclude these witnesses at an earlier

---

[2] Dr. Grandberg will not be called to testify at trial and therefore the motion as it relates to the Custodian of his records is denied as moot.

time.

## Motion for Sanctions to Strike
## or Exclude Plaintiff's Expert Witness Testimony

Defendant's Motion for Sanctions to Strike or Exclude Plaintiff's Expert Witness Testimony is likewise denied, based on the Court's determination that Plaintiff's treating expert physicians were not required to provide written reports. Defendant has Plaintiff's medical records and the doctors' notes and conclusions therein. Defendant will in no way be prejudiced through the lack of production of a written report in that the conclusions and opinions these physicians will render must be based on their personal treatment and observations of Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike and/or Exclude the Testimony of Expert Witnesses Designated by Plaintiff and Witnesses Disclosed by Plaintiff's Supplemental Initial Disclosure Pursuant to Federal Rule of Civil Procedure 26, [Doc. No. 76], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order, [Doc. No. 106], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike or for Sanctions, [Doc. No. 108], is **DENIED**.

Dated this 4th day of February, 2010.

```
_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE
```