UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LANHAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:06CV1179 HEA ) |
| SANDBERG TRUCKING, INC., | ) ) |
| Defendant. | ) |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Bill of Costs, [Doc. No. 145], and Plaintiff's Supplemental Bill of Costs, [Doc. NO. 146]. Defendant objects to the Bill of Costs regarding Plaintiff's request for expert fees and a mathematical error. Plaintiff has filed nothing in response to Defendant's Objections. For the reasons set forth below, Plaintiff's Bill of Costs is granted, except as provided herein.

Federal Rule of Civil Procedure 54(d) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted); *see also Ex Parte Peterson,* 253 U.S. 300, 315-17 (1920)

(discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs...." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958 (8th Cir.2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108-09 (8th Cir.1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir.2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987). In relevant part, it provides:

A judge ... of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under [§ ] 1923 of this title;

(6) Compensation of court appointed experts....

28 U.S.C. § 1920.

"The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821...."

*Crawford Fitting,* 482 U.S. at 440-41. In relevant part, § 1821 provides:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States ... or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to [§ ] 1920 of this title.

> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [5 U.S.C. § 5702(a) ], for official travel in the area of attendance by employees of the Federal Government....

28 U.S.C. § 1821.

"[T]he Supreme Court has held that '*absent explicit statutory or contractual authorization* for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.'" *Neosho R-V Sch. Dist. v. Clark,* 315 F.3d 1022, 1031 (8th Cir.2003) (quoting *Crawford Fitting,* 482 U.S. at 445) (emphasis added in *Neosho* ).

The court "may tax as costs ... [the][f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Defendant seeks to limit Plaintiff's expert witnesses to the $40.00 witness fee provided in the statute. The objection is well taken, and Plaintiff's request for expert witness fees will be reduced accordingly.

Defendant also objects to Plaintiff's Service Fees which he claims total $277.00 because the supporting documents reflect that the actual cost was $215.00.

Based upon the foregoing, Defendant's objections to Plaintiff's Bill of Costs are sustained.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs, [Doc. No. 146] is approved, as amended herein.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Plaintiff and against Defendant in the amount of $10,073.52.

Dated this 16th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE